Whitehead, J.
PROCEDURAL BACKGROUND
The plaintiff, Donald Sleeper (“Sleeper”), brought this action against two construction contractors, the defendants, ICF Kaiser Engineers Massachusetts, Inc. (“ICF Kaiser”) and Kiewit-Atkinson-Kenney (“Kiewit”), claiming that due to their negligence, Sleeper was injured in a fall while working at the defendants’ construction site.
Kiewit, in turn, filed a third-party complaint against one of its subcontractors, Nicholson Construction Company (“Nicholson”), claiming that Nicholson was obligated to indemnify Kiewit (Count I), and that Nicholson breached the contract between the parties by failing to insure Kiewit for liability arising from the underlying action (Count II). Kiewit and Nicholson have filed cross-motions for summary judgment on the third-party claim. For the reasons set forth below, Kiewit’s motion is allowed and Nicholson’s motion is denied.
UNDISPUTED FACTS
The undisputed material facts are as follows:
In September 1990, Kiewit entered into a contract, No. 5637, with the Massachusetts Water Resource Authority (“MWRA”) to serve as general contractor for construction of an Effluent Outfall Tunnel at Deer Island, in Boston (the “Deer Island site”). As general contractor, Kiewit set out to acquire subcontractors for the project.
On September 21, 1990, Kiewit entered into a subcontract with Nicholson (the “Nicholson Subcontract”) for a portion of the project, which provides in pertinent part:
Section 11. INDEMNIFICATION.
The Subcontractor further specifically obligates itself to the Contractor, Owner, and any other party required to be indemnified under the Prime Contract, jointly and separately, in the following respects, to wit:
(b) to defend and indemnify them against and save them harmless from any and all claims, suits or liability for damages to property including loss of use thereof, injuries to persons, including death, and from any other claims, suits or liability on account of acts or omissions of Subcontractor, or any of its subcontractors, suppliers, officers, agents, employees or servants, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder, provided, however, Subcontractor’s duty hereunder shall not arise if such claims, suits or liability, injuries or death or other claims or suits are caused by the sole negligence of a party indemnified hereunder unless otherwise provided in the Prime Contract.
Additionally, the Subcontract provided that Nicholson procure insurance protecting itself, the owner, and Kiewit in connection with Nicholson’s work on the project.
Section 10. INSURANCE.
Prior to commencement of Work, Subcontractor shall procure and at all times thereafter maintain with insurers acceptable to Contractor the following *312 minimum insurance protecting the Subcontractor, Owner, and the Contractor against liability from damages because of injuries, including death, suffered by persons, including employees of the Subcontractor, and liability from damages to property arising from and growing out of the Subcontractor’s operations, including its subcontractors’ and suppliers’ operations, in connection with the performance of this Subcontract.
(c) Comprehensive General Liability.
Bodily Injury including personal injury ($500,000/occurrence $500,000/aggregate)
Property Damage ($500,000/occurrence— $5000,000 aggregate or $1,000,000 combined single limit).
Nicholson did not procure insurance on which it listed Kiewit as an insured or additional insured.
After entering into the Subcontract, Nicholson commenced its portion of construction on the Deer Island site. On February 5, 1991, the plaintiff Sleeper, one of Nicholson’s employees, was allegedly injured in a fall while working on the construction site. Sleeper contends that he fell while walking over a “mound of muck" pursuant to the direct order of another Nicholson employee. Sleeper has filed suit against Kiewit alleging that it negligently allowed an unsafe and dangerous condition to exist at the site.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Indemnity Provision (Count I)
Massachusetts General Laws, Chapter 149, §29C, entitled “Indemnification as part of contract,” provides, in pertinent part, that
Any provision for or in connection with a contract for construction . . . which requires a subcontractor to indemnify any party for injury to persons or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
The issue before the court is whether the statute renders the indemnification agreement entered into between Kiewit and Nicholson void.
The indemnification provision in the Nicholson Subcontract creates a right of indemnification only for injuries or claims which are “on account of acts or omissions of subcontractor, or any of its subcontractors, suppliers, officers, agents, employees or servants.” (Emphasis supplied.) Since the scope of this indemnification provision requires indemnification only for harm or liability “on account of’ acts or omissions of Nicholson and its agents, it does not, under a plain and ordinary interpretation of these words, require indemnification for harm or liability not caused by Nicholson. See Ober v. National Cas. Co., 318 Mass. 27, 30 (1945) (when language of contract is unambiguous, it must be construed according to plain and usual meaning); Edwin R. Sage Co. v. Foley, 12 Mass.App.Ct. 20, 28 (1981) (same); Beal v. Stimpson Terminal Co., 1 Mass.App.Ct. 656, 659 (1974) (same). Therefore, 6 G.L.c. 149, §29C does not render the Nicholson Subcontract void.
Breach of Insurance Provision (Count II)
Kiewit contends that Nicholson breached a provision of the Nicholson Subcontract, which requires Nicholson to procure insurance protecting Kiewit from certain harm during the project. Specifically, the provision states, in pertinent part, that the “Subcontractor shall procure and at all times thereafter maintain with insurers acceptable to Contractor the following minimum insurance protecting the Subcontractor, Owner, and the Contractor against liability . . .” Nicholson Subcontract, §10 Insurance.
It is undisputed that Nicholson did not procure insurance of any kind in which Kiewit was a listed insured or additional insured. Nicholson claims that it complied with the provision’s language, because it only required Nicholson to insure itself for its own actions, which would indirectly protect Kiewit. This position cannot comport with the ordinary and usual meaning of the provision’s unambiguous language, which requires Nicholson to directly “protect” Kiewit through insurance. Ober v. National Cos. Co., 318 Mass. at 30; Edwin R. Sage Co. v. Foley, 12 Mass.App.Ct. at 28. At least one other recent case in the Superior Court also has interpreted this language to be unambiguous, requiring the subcontractor to list the general contractor as an “insured or additional insured” for the purposes of liability protection. Collins *313 v. Kiewit Construction Co. Inc., Civil No. 91-3507, p. 7 (Norfolk Super. Ct. January 19, 1994). Since Nicholson did not list Kiewit as an insured or additional insured on any policy, Nicholson breached the insurance provision in the Nicholson Subcontract.
In light of the above, summary judgment in favor of Kiewit is appropriate. See Edwin R. Sage Co v. Foley, 12 Mass.App.Ct. at 28 (“It is settled that interpretation of unambiguous language in a written contract is a question of law for the court).
ORDER
It is hereby ordered that the motion of Nicholson Construction Company for summary judgment be DENIED and that the Motion of third-party plaintiff Kiewet Atkinson for summary judgment be ALLOWED.